UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAAMAN WASHINGTON,<br><br>     Plaintiff,<br><br>     v.<br><br>JERRY CLARK et al.,<br><br>     Defendants. | CASE NO. C14-192 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

THIS MATTER comes before the Court on Plaintiff's Objections (Dkt. No. 10) to Magistrate Judge Tsuchida's Report and Recommendation (Dkt. No. 8) on Plaintiff's proposed Complaint and IFP application (Dkt. Nos. 7, 1.) Plaintiff also filed an Amended Complaint despite failing to obtain leave to do so. (Dkt. No. 18.) Having reviewed the Objections, the R&R, the proposed Complaint, the Amended Complaint, and all related papers, the Court hereby ADOPTS the R&R in full and DISMISSES the case without prejudice.

**Background**

Plaintiff Naaman J. Washington's proposed complaint includes Fourth Amendment, due process, and equal protection claims under 42 U.S.C. § 1983 against several participants in the

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE-
1

events leading up to his arrest and conviction on counts of unlawful possession of a controlled substance with intent to deliver, unlawful possession of a controlled substance, and unlawful possession of a firearm in the first degree. (See Proposed Compl, Dkt. No. 1, Ex. 1.) See also Washington Online case summary at https://linxonline.co.pierce.wa.us/linxweb/Case/CriminalCase.cfm?cause_num=11-1-02132-9. Both the controlled substance and the firearms were allegedly discovered in Plaintiff's car after Plaintiff was pulled over for driving with a suspended license. (Dkt. No. 1, Ex. 1 at 7–13.) The defendants named by Plaintiff include the Washington State trooper who stopped Plaintiff's car; the tow truck driver who impounded Plaintiff's car after he was arrested; and the tow truck company that employed the driver. (Id.)

Judge Tsuchida's Report and Recommendation focuses on the fact that a finding favorable to Plaintiff in this § 1983 action would have the effect of rendering his conviction invalid. (Dkt. No. 8 at 3.) Under Heck v. Humphrey, 512 U.S. 477 (1994), this effect triggers an exhaustion requirement: the plaintiff must prove that the conviction has already been invalidated before his § 1983 claim can proceed. (See id.) In his Objections, Plaintiff asserts Judge Tsuchida failed to demonstrate that a favorable finding would have such an effect. (Dkt. No. 10 at 5–6.)

**Analysis**

In the Ninth Circuit, Heck v. Humphrey applies to Fourth Amendment claims. Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011). Thus, when an allegedly unconstitutional search or seizure uncovers evidence—such as a controlled substance or firearm—that leads to a conviction, a § 1983 complaint about the alleged unconstitutionality of that search or seizure cannot proceed unless the underlying conviction has already been invalidated. See Szajer, 632 F.3d at 612 ("Their civil claims necessarily challenge the validity of

1  the undercover operation and in doing so imply that there was no probable cause to search for

2  weapons."). Heck also applies to Plaintiff's due process and equal protection claims because

3  those claims simply employ alternative legal theories to launch attacks on the same searches that

4  uncovered the evidence leading to Plaintiff's conviction. (See Dkt. No. 1, Ex. 1 at 17–19.) A

5  favorable decision on either ground would undermine the validity of Plaintiff's conviction. Thus,

6  all of Plaintiff's claims are barred by Heck and are subject to Heck's requirement that the related

7  convictions be invalidated through a habeas action or direct appeal before a § 1983 claim can

8  proceed.

9        Plaintiff's Amended Complaint does nothing to remedy the problem because it merely

10  raises the same assertions under 42 U.S.C. § 1985. The Ninth Circuit has held that "the absence

11  of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on

12  the same allegations." See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir.1989).

**Conclusion**

14        Because Judge Tsuchida's Report and Recommendation correctly applied Heck v.

15  Humphrey to Plaintiff's proposed complaint and Plaintiff's Amended Complaint does not avoid

16  the exhaustion requirement, the Court ADOPTS the Report and Recommendation in full and

17  DISMISSES the case without prejudice.

19        The clerk is ordered to provide copies of this order to Plaintiff and Judge Tsuchida.

20        Dated this 7th day of April, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE-
3